IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOR THE FOURTH DIVISION

In re:

Elliot & Callan, Inc.,                                    COURT FILE NO. CIV _____
a Minnesota corporation,

                         Plaintiff,

v.                                                                   **COMPLAINT**

Luther Allan Crofton,

                         Defendant.

Plaintiff, Elliot & Callan, Inc. ("E & C") for its Complaint against Defendant, Luther Allan Crofton ("Crofton") states and alleges as follows:

## PARTIES

1.     Plaintiff E & C is a Minnesota corporation whose principal place of business is located in Plymouth, Minnesota.

2.     Defendant Crofton is an individual who resides in Trenton, New Jersey.

## JURISDICTION/VENUE

3.     Crofton is subject to personal jurisdiction in Minnesota pursuant to Minn. Stat. § 543.19.

4.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000.00.

1011058v2

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

6.      Crofton is a 85% shareholder and the Treasurer of Sandra Crofton Construction Company ("SCC").  SCC is not a party to this action.

7.      On or about June 4, 2004, SCC purchased certain business assets from E & C.  As part of the consideration for this purchase, SCC executed and delivered to E & C a promissory note, dated June 4, 2004, in the original principal amount of $631,535.00 (the "Note").  SCC is in default under the terms of the Note.

8.      E & C has commenced an action against SCC to recover the balance due under the Note.   The action is now pending in the State District Court located in Hennepin County, Minnesota and designated as Hennepin County District Court File No.:  27-CV-068739 (the "Hennepin County Action").

9.      In the Hennepin County Action, E & C is seeking to recover at least the principal sum of $495,273.08 plus interest from February 1, 2006, together with E & C's costs, disbursements and reasonable attorneys' fees.

10.     SCC has counterclaimed in the Hennepin County Action, seeking damages for alleged breaches of contract and misrepresentations in the sale of the assets SCC purchased from E & C.

11.     In the Hennepin County Action, SCC has alleged that SCC was insolvent, at all times material to this action.  SCC has produced financial records, prepared by and authenticated by Crofton, purporting to establish this insolvency.  On information and belief, SCC's insolvency has existed continuously since at least June 2004.

1011058v2

2

12.     In the Hennepin County Action, Crofton has testified, under oath, in his deposition, that he is a creditor of SCC by reason of having loaned money to SCC and having incurred expenses, personally, on behalf of SCC.

13.     In the financial documents produced by SCC in the Hennepin County Action and authenticated by Crofton, under oath, it is established that SCC has, from time to time, repaid amounts due to Crofton on account of antecedent debt while SCC was insolvent and while SCC was not paying, among others, E & C.

14.     The books and records of SCC, produced by SCC in the Hennepin County Action, show that between December 31, 2004 and February 28, 2007, the last date for which records have been produced by SCC, SCC paid to Crofton the sum of not less than $118,743.94.

15.     On information and belief, SCC has paid and continues to pay money to Crofton, on account of antecedent debt, additional amounts that are unknown to E & C, including interest and other items, which E&C will prove at trial.

## FRAUDULENT TRANSFER

## MINN. STAT. § 513.45(b)

16.     E & C restates and realleges the allegations set forth in paragraphs 1 through 15, the same as if fully set forth herein.

17.     E & C is, and at all times material herein, has been a creditor of SCC.

18.     As a 85% shareholder and the Treasurer of SCC, Crofton is an insider of SCC.

19.     The money paid to Crofton by SCC described above was payment to Crofton on account of one or more antecedent debts.

20.     Payments to Crofton by SCC on account of antecedent debts are "transfers" within the meaning of Minn. Stat. § 513.41(12).

21.     At the time Crofton received the transfers from SCC on account of antecedent debts, Crofton had "reasonable cause to believe" that SCC was insolvent.

22.     As a creditor of SCC's, E & C is entitled to recover from Crofton so much of the money that SCC transferred to Crofton while SCC was insolvent on account of an antecedent debts owed by SCC to Crofton as is necessary to satisfy E & C's claim against SCC pursuant to Minn. Stat. § 513.47.   E & C is also entitled to any other remedy provided by Minn. Stat. § 513.47.

**WHEREFORE,** E & C demands judgment against Crofton as follows:

23.     Avoidance of all transfers from SCC to Crofton up to the balance due to E & C from SCC, which E & C alleges is not less than $495,273.08 plus interest from February 1, 2006, costs and disbursements and reasonable attorneys' fees.

24.     A money judgment in favor of E & C and against Crofton for the amount due from SCC to E & C or the amount E & C proves that SCC fraudulently transferred to Crofton, whichever is less, but in no event less than $118,374.94 plus interest.

25.     For such other and further relief that this Court finds that the circumstances require.

Dated:  July 18, 2007.                    MOSS & BARNETT
                                          A Professional Association


                                          By s/Cass S. Weil
                                          _____
                                              Cass S. Weil  (#115228)
                                              Mathew M. Meyer (#264416)
                                          4800 Wells Fargo Center
                                          90 South Seventh Street
                                          Minneapolis, MN  55402-4129
                                          Telephone:  (612)  877-5000

                                          ATTORNEYS FOR PLAINTIFF
                                          ELLIOT & CALLAN, INC.

1011058v2